THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| THEODORE J. SAMUL,<br><br>                      Petitioner,<br><br>v.<br><br>KRISTEN KIESEL,<br><br>                      Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:24-CV-332-AMA<br><br>District Judge Ann Marie McIff Allen |

On December 2, 2024, the Court set forth a comprehensive analysis of Petitioner's federal habeas challenges and ordered Petitioner to, within thirty days,

> **SHOW CAUSE (A)** why this petition should not be dismissed without prejudice because **(1)** the Court lacks jurisdiction over Petitioner's second or successive § 2254 claims; and **(2)** claims 17, 18, 21, and 24 fail to state a claim upon which relief may be granted, under the alternative federal habeas cause of action, § 2241; and **(B)** why, in the event of dismissal, the Court should not deny a certificate of appealability here.

(ECF No. 2 (bolding in original).)

In response, Petitioner requests the Court to "[d]ismiss the habeas-corpus petition without prejudice" without "any sanctions." (ECF No. 3.) Petitioner acknowledges that he "believed that all of the previous habeas-corpus petitions were superseded by the June 6, 2024, habeas-corpus petition," (*id.*), he filed in his earlier habeas action in this Court, *Samul v. Kiesel*, No. 4:23-CV-113-AMA (D. Utah filed Dec. 12, 2023). Presumably, this means Petitioner agrees with the Court that "[t]he current, second petition . . . [is] entirely extraneous." (ECF No. 2, at 7.)

Federal Rule of Civil Procedure 41(a)(2) allows the Court to dismiss a case "at the [petitioner's] request." Good cause appearing, **IT IS ORDERED** that Petitioner's request is **GRANTED**. (ECF No. 3.) This action is **DISMISSED WITHOUT PREJUDICE**.

DATED this 23rd day of December, 2024.

BY THE COURT:

_____
ANN MARIE MCIFF ALLEN
United States District Judge

2